UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, and AMANDA LEFTON, as Commissioner of the New York State Department of Environmental Conservation,

Plaintiffs,

-against-

4800 DEWEY AVENUE, INC.

Defendant.

**COMPLAINT**

Civil Action No. 6:26-cv-07201

Plaintiffs State of New York, the New York State Department of Environmental Conservation (DEC), and Amanda Lefton, as Commissioner of the New York State Department of Environmental Conservation (collectively, the State), by their attorney, Letitia James, Attorney General of the State of New York, as and for their complaint, allege upon information and belief as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq.*, as amended (CERCLA), for recovery against 4800 Dewey Avenue, Inc., for costs incurred, and to be incurred, by the State in response to the release and threatened release of hazardous substances at and from the former Air Force Plant No. 51 Site (the AF51 Site or the Site), located in the Town of Greece, Monroe County, New York.

## JURISDICTION AND VENUE

2. This Court has exclusive jurisdiction over the subject matter of this action pursuant to sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and 28 U.S.C. § 1331.

3. Venue lies in this judicial district, pursuant to section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(e), because the AF51 Site is in this district and claims arising from threatened and actual releases of hazardous substances arose at the AF51 Site.

## PARTIES

4. Plaintiff State of New York is a body politic and sovereign entity and brings this action on behalf of itself and as *parens patriae*, trustee, guardian, and representative on behalf of all residents and citizens of the State of New York, particularly those individuals who live in the vicinity of the AF51 Site.

5. Plaintiff DEC is an executive agency of the State of New York charged with enforcing the Environmental Conservation Law (ECL) and regulations promulgated pursuant to the ECL. DEC brings this action to recover costs that have been and will be incurred by DEC in responding to the release and threatened release of hazardous substances at and from the Site.

6. Plaintiff Amanda Lefton is the Commissioner of DEC and brings this action in her official capacity as Commissioner to recover costs that have been and will be incurred by DEC in responding to the release and threatened release of hazardous substances at and from the Site.

7. Defendant 4800 Dewey Avenue, Inc. (4800 Dewey Avenue) is a domestic business corporation with an address of 4 Bay Point Circle, Rochester, NY 14622.

## STATUTORY AND REGULATORY BACKGROUND

8. CERCLA provides that when there is a release or a threatened release of hazardous substances into the environment from a facility, certain categories of persons are liable to the State for the costs that the State incurs to respond to the release or threatened release as long as the State's response actions are "not inconsistent with the national contingency plan." 42 U.S.C. § 9607(a).

9. "Hazardous substances" are defined in 42 U.S.C. § 9601(14) to include substances that the EPA has designated as hazardous pursuant to 42 U.S.C. § 9602. The substances that EPA has designated as hazardous are listed in 40 C.F.R. § 302.4.

10. A "release" includes spilling, leaching, and disposing "into the environment." 42 U.S.C. § 9601(22). The "environment" includes "surface water, ground water, drinking water supply, land surface or subsurface strata, or ambient air." *Id.* § 9601(8).

11. A "facility" includes "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located." *Id.* § 9601(9). It also includes buildings, structures, and equipment. *Id.*

12. The terms "respond" or "response" include taking "removal" actions, "remedial" actions, and related enforcement activities. *Id.* § 9601(25). A "removal"

action includes the "cleanup or removal of released hazardous substances from the environment" and the assessment and evaluation of a release. *Id.* § 9601(23). A "remedial" action means "those actions consistent with permanent remedy taken instead of or in addition to removal actions." *Id.* § 9601(24).

13. The National Oil and Hazardous Substances Pollution Contingency Plan ("National Contingency Plan") is set forth in 40 C.F.R. part 300.

**14.** The persons liable for response costs under 42 U.S.C. § 9607(a) include: (i) current owners and operators of a facility and (ii) owners and operators of a facility at the time of disposal of hazardous substances. "Persons" include individuals, corporations, and the United States Government. 42 U.S.C. § 9601(21).

## BACKGROUND AND FACTUAL ALLEGATIONS

15. The AF51 Site consists of 38.21 acres located at and adjacent to 4777 Dewey Avenue in the Town of Greece in Monroe County, New York. DEC has defined the Site based upon the extent of contamination.

16. The Odenbach Shipbuilding Corporation built the plant at the Site during World War II to produce ocean-going vessels needed for the war effort. It produced tankers, landing barges, floating cranes, and tugs. Between 1943 and 1961, various United States governmental agencies owned the Site. Specifically, in 1943 the plant was sold to the Defense Plant Corporation, an entity of the United States government.

17. After the war, the Department of Defense purchased the plant to produce B-52 bulkheads and changed the name of the plant to Air Force Plant No. 51.

18. The contamination at the Site is consistent with plating activities the federal government conducted during the period in which it owned the Site.

19. In 1959, ownership of the property encompassing the Site devolved to the United States General Service Administration (GSA). In 1961, GSA sold the property to the Monroe County Water Authority. In 1963, the Monroe County Water Authority sold the property to Genesee Scrap and Tin Bailing Company (Genesee Scrap), a company owned by the Atkin family of Rochester, New York.

20. Louis Atkin is the Chief Executive Officer of Genesee Scrap. The corporate address for Genesee Scrap is 80 Steel Street, Rochester, NY 14606.

21. Louis Atkin remains the principal owner of the Site through a company listed on tax rolls as 4800 Dewey Avenue.

22. Louis Atkin is the Chief Executive Officer and agent of 4800 Dewey Avenue. The address 4800 Dewey Avenue listed with the New York State Department of State is 4 Bay Point Circle, Rochester, NY 14622.

23. The 2025 final tax assessment roll of the Town of Greece lists Louis Atkin and 4800 Dewey Avenue as the owners of the Site, and 4 Bay Point Circle, Rochester, NY 14622, as the owners' address.

24. The Site is heavily contaminated with hazardous substances due to the industrial operations conducted at the Site. The State's remedial investigation and

feasibility study has found that hazardous substances were released during the time the Site was owned and operated by various agencies of the United States and during the period in which 4800 Dewey Avenue has owned and operated the site.

25. The hazardous substances contaminating the Site include the volatile organic compound (VOC) trichloroethene (TCE), which has been found in on-Site groundwater, soil, and sediment samples. TCE groundwater samples have tested as high as 1,100,000 parts per billion. Heavy metals and polychlorinated biphenyls (PCBs) exceeding state and federal standards have also been detected in on-Site groundwater, soil, and sediment.

26. The hazardous substances found on the Site are consistent with the production activities overseen by the various federal agencies that operated the Site. Heavy metals and TCE were found in the plating lagoon and other parts of the Site. These hazardous substances are consistent with metal fabricating and were disposed of during metal fabrication operations at the Site.

27. As a result of the federal government's operations at the AF51 Site, "hazardous substances," as that term is defined in section 101(14) of CERCLA, 42 U.S.C. § 9601(14), were released into the soil and percolated into groundwater at the Site.

28. Additionally, during the period in which 4800 Dewey Avenue has owned and operated the site, there have been releases of hazardous substances, as defined in section 101(22) of CERCLA, 42 U.S.C. § 9601(22), into the environment at and from the Site.

**DEC's Remedial Investigation and Remediation of the Site**

29. In 2009, DEC placed the Site on the New York State Registry of Inactive Hazardous Waste Disposal Sites as a Class 2 hazardous waste site pursuant to 6 NYCRR Part 375 due to contamination caused by the industrial operations at the Site. In 2013, DEC commenced a remedial investigation and feasibility study at the Site to determine and implement a remedy to address the contamination. For purposes of the remedial investigation and feasibility study, DEC divided the Site into three operation units. Operable unit one (OU1) is the plating lagoon; operable unit two (OU2) is the remaining area of the Site; and operable unit three (OU3) consists of uplands and wetlands that extend to Round Pond Creek, which eventually flows north into Lake Ontario.

30. These investigations found widespread on-Site groundwater and soil contamination with the primary contaminants being VOCs, in particular TCE, degradation products of TCE, semi-volatile organics such as polyaromatic hydrocarbons (PAHS) and PCBs, and various heavy metals.

31. In December 2023, the State issued Record of Decisions for the three operable units. The remedy for OU1 is excavation of contaminated soils and removal of contaminated liquids. The OU2 remedy consists of excavation, in-situ groundwater treatment (injections), installation of a permeable reactive barrier, with site cover, environmental easement, and a site management plan. The OU3 remedy is no action.

32. To date, the State has incurred response costs exceeding $5.3 million. The amount includes the costs of the remedial investigations and feasibility studies for OUs 1-3; predesign studies; remedial designs for OUs 1-3; and costs associated with ongoing actions at the Site, including costs for drilling, sampling, waste disposal, drum disposal, and building demolition. The State anticipates that future response costs to remediate the Site will exceed $31 million dollars.

33. The costs the State has incurred and expects to incur are not inconsistent with the National Contingency Plan, codified at 40 C.F.R. part 300.

## CLAIM FOR RELIEF

## COST RECOVERY UNDER CERCLA

34. The foregoing paragraphs are repeated and incorporated by reference.

35. 4800 Dewey Avenue is liable under 42 U.S.C. § 9607(a)(1) as the "owner or operator" of a "facility" as those terms are defined in sections 101(9) and 101(20)(A)(ii) of CERCLA, 42 U.S.C. §§ 9601(9) & 9601(20)(A)(ii).

36. 4800 Dewey Avenue is a "person" within the meaning of section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

37. 4800 Dewey Avenue is strictly, jointly, and severally liable, pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all past and future costs to the State at the AF51 Site incurred or to be incurred in taking actions not inconsistent with the National Contingency Plan, including but not limited to the cost of investigating and remediating the AF51 Site, as well as oversight, enforcement, and interest costs.

## PRAYER FOR RELIEF

**WHEREFORE**, the State prays for judgment against 4800 Dewey Avenue:

A. Declaring defendant to be strictly, jointly, and severally liable to the State under CERCLA for, and awarding to the State, all costs and expenses, including interest, attorneys' fees, and other costs of enforcement incurred by the State in responding to the release or threat of release of hazardous substances at and from the AF51 Site;

B. Declaring defendant to be strictly, jointly, and severally liable to the State under CERCLA for all future response costs and expenses, including interest, attorneys' fees, and other costs of enforcement to be incurred by the State in responding to the release or threat of release of hazardous substances at and from the AF51 Site; and

C. Other and further relief as the Court deems just and proper.

Dated: November 5, 2026
Albany, New York

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Plaintiffs*

By: *s/ Nathan B. Shulock*
NATHAN B. SHULOCK
RACHEL MAMAN KISH
Assistant Attorneys General
Environmental Protection Bureau
The Capitol
Albany, New York 12224-0341
(518) 776-2400
Nathan.Shulock@ag.ny.gov
Rachel.Kish@ag.ny.gov